IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES ex rel.<br>FRANK M. CASSADAY, | ) ) ) | |
| Qui Tam Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-2083-KHV |
| WOLFPACK SECURITY AND<br>LOGISTICS, LLC, and<br>MARK A. ATWOOD, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Currently before the court is relator Frank M. Cassaday's motion for a protective order excluding defendant Mark A. Atwood from personally attending relator's deposition (**doc. 71**). The parties have fully briefed the motion (*see* docs. 71, 75, 76) and the court heard oral argument on the motion on December 4, 2009. The court is now prepared to rule.

This case involves relator's allegations that defendant Wolfpack Security and Logistics, LLC, and Mr. Atwood as the sole proprietor of Wolfpack (jointly, "defendants"), submitted false claims to the U.S. government for goods and services provided to U.S. military bases in Iraq. Relator worked for Wolfpack in Iraq. He alleges that in retaliation for his complaints about defendants' illegal actions in Iraq, Mr. Atwood threatened his life by giving a subordinate conditional orders to kill him. He brings, *inter alia*, a claim against defendants for assault.

Relator's deposition is scheduled for December 10, 2009.  In the instant motion, relator states that it will be "exceedingly stressful" for him "to be seated for an entire day directly across from the individual alleged to have endeavored to bring about his death." Relator notes that he is 63 years old and suffers from high blood pressure.  He has submitted a declaration stating that he regularly see his physician and takes prescription medication for high blood pressure.  The declaration further states that relator believes that testifying with Mr. Atwood present would "pose a risk to my health."  Relator has provided no evidence from a medical professional in support of his belief that Mr. Atwood's presence at his deposition would endanger his health.

The court finds that relator has failed to demonstrate good cause for the entry of a protective order.  As noted by defendants, Mr. Atwood—a party to this action—has a substantial interest in being present at relator's deposition.  Moreover, given the allegations raised about Mr. Atwood in the complaint, Mr. Atwood's presence at the deposition is likely necessary to adequate examination.  It is reasonable to expect that most plaintiffs in cases alleging assault or harassment will experience stress and anxiety when presented with facing the person they accuse, and ultimately such an encounter is inevitable should the case proceed to trial.  Relator has presented no medical evidence to suggest that his anxiety would be greater than most or would pose a significant health risk.  Relator has known since November 16, 2009 about Mr. Atwood's intent to attend his deposition, but has failed to seek

an opinion from his treating physician or from an independent medical examiner about the effect that Mr. Atwood's presence would have on relator's physical or mental well-being.[1]

While the court denies relator's request to exclude Mr. Atwood from the deposition, the court notes that at the December 4, 2009 court hearing, the parties agreed to the following deposition parameters:

1. Relator's deposition will be conducted in a large conference room, i.e., a conference room of the size that can comfortably accommodate 15 people.

2. Relator and Mr. Atwood will not engage in direct interaction with one another. They will not exchange pleasantries, shake hands, or engage in conversation. They shall conduct themselves as quiet gentlemen.

3. In addition to the videocamera that will officially record the deposition and be focused solely on the deponent, defendants will employ a second videocamera with a wide frame that records the actions of Mr. Atwood and the attorneys. The sole purpose of the recording from the second videocamera will be for the undersigned to resolve any disputes that may arise during the deposition; it will not be shown to a jury.

IT IS THEREFORE ORDERED that the motion for a protective order (doc. 71) is denied.

Dated this 7th day of December, 2009, at Kansas City, Kansas.

---

[1] While relator's counsel explained at oral argument that relator is treated at a Veteran's Administration clinic that typically does not permit patients to schedule *ad hoc* appointments, counsel conceded that relator has not contacted the clinic in an attempt to get a medical opinion from his physician given the instant situation.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge